UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Don Askins, # 291589, | C/A No. 8:09-3068-TLW-BHH |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Bernard Mackie, Head Warden KCI;<br>Mr. W. Ocean, Administrative Captain of KCI;<br>Mr. L. Peeples, A1 Shift Captain/Supervisor of KCI;<br>Mrs. L. Gibson, A1 Shift Sargent of KCI;<br>Mrs. K. Heil, Inmate Grievance Coordinator of KCI, | |
| Defendants. | |

## *Background of this Case*

The plaintiff was an inmate at the Kirkland Correctional Institution when he filed this case. The plaintiff, whose SCDC max-out date was December 12, 2009, has notified the Clerk's Office by phone that he has been released from prison. *See* Clerk's Staff Note dated December 1, 2009.

This civil rights action, which was received in "proper form," concerns an incident where the plaintiff was denied food on October 19, 2009, for talking in the cafeteria line. Page 4 of the complaint indicates that the "no talking in the cafeteria line" is a "Warden Mackie" policy for R&E (Reception and Evaluation) inmates. The plaintiff also alleges that the Institutional Grievance Coordinator intentionally delayed the return of the grievance

1

until the internal SCDC grievance limitations period was almost up. No disciplinary infractions were charged against the plaintiff. In his prayer for relief, the plaintiff seeks punitive and monetary damages for the "Maximum allowed" amount, damages for pain and suffering, an injunction to prevent future reoccurrences, and termination of the defendants from their positions.

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Nonetheless, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H (LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Moreover, the complaint indicates that "no food" order from defendant Ocean was a one-time event, the plaintiff's injury is *de minimis*. *See Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997) ("only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"), which are cited in *Makupson v. Powers*, Civil Action No. 9:08-0983-RBH-BM, 2009 U.S. Dist. LEXIS 51764, 2009 WL 1748712 (D.S.C., June 18, 2009) (collecting cases).[3]

---

[3]As a pre-trial detainee, the plaintiff's claims in this case are governed by the Fourteenth Amendment, not the Eighth Amendment. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990).

3

Since the plaintiff has been released from prison, this case is moot insofar as the plaintiff's request for injunctive relief is concerned. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-88 (4th Cir. 2007)*; Breeden v. Jackson*, 457 F.2d 578, 580 (4th Cir. 1972); and *Inmates v. Sheriff Owens*, 561 F.2d 560, 562 (4th Cir. 1977). Mootness has been held to be a jurisdictional question in *North Carolina v. Rice*, 404 U.S. 244, 246-47 (1971). Moreover, "[a] case is moot if a litigant's interest in the outcome of the action ceases before judgment." *I.D. by W.D. v. Westmoreland School District*, No. 91-155-M, 1994 U.S.Dist. LEXIS 12499, *8-*9, 1994 WL 470568 (D.N.H., September 2, 1994), *reconsideration denied*, *I.D. by W.D. v. Marston*, 1994 U.S.Dist. LEXIS 17258 (D.N.H., Nov. 30, 1994), *citing United States Parole Commission v. Geraghty*, 445 U.S. 388, 397 (1980). *See also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("Mootness can kill a lawsuit at any stage.").

This court cannot "fire" the defendants from their jobs, even if the plaintiff were still an inmate. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir. 1960).

The allegations relating to the processing of the plaintiff's grievances are not actionable because there is no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                                      s/Bruce Howe Hendricks
                                                      United States Magistrate Judge

December 2, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).